UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRANDON GUNWALL; JEFFREY E. SWENSON; and AMELIA BESOLA, as Administratrix of the Estate of Mark Lester Besola,<br><br>　　　　　Defendant. | Case No. 2:19-CV-226-RSL<br><br>ORDER STAYING PROCEEDINGS |

This matter comes before the Court on defendant Amelia Besola's "Motion to Stay Proceedings" (Dkt. #35) and Defendant Brandon Gunwall's "Motion for Substitution of Parties and Continuance" (Dkt. #39).

**BACKGROUND**

Plaintiff New York Life Insurance Company ("NYLIC") brought this cause of action in interpleader pursuant to Federal Rules of Civil Procedure 22 and 67, naming Brandon Gunwall ("Mr. Gunwall"), Jeffrey Swenson ("Mr. Swenson"), and Amelia Besola ("Ms. Besola") as defendants. See Dkt. #1. The action concerns defendants' competing claims to proceeds from an NYLIC life insurance policy, due following the January 1, 2019 death of Mark L. Besola. Id.; Dkt. #1-7 (Ex. G). On September 20, 2019, the Court granted NYLIC's motion for interpleader deposit of funds and dismissed NYLIC from the action. Dkt. #34.

ORDER STAYING PROCEEDINGS - 1

1        In the meantime, probate proceedings as to Mark Besola's estate are pending in Pierce
2 County Superior Court ("the Superior Court"). On January 3, 2019, the Superior Court
3 appointed Ms. Besola as the administrator of Mark Besola's estate under the laws of intestacy.
4 See Dkt. #40-1 (Ex. 1). In May 2019, a December 6, 2018 "Last Will and Testament of Mark
5 Lester Besola" ("the will") was filed in the Superior Court. Dkt. #40-2 (Ex. 2). On September
6 26, 2019, the Superior Court admitted the will to probate and appointed Eric Pula ("Mr. Pula")
7 to serve as the administrator of Mark Besola's estate. Dkt. #40-3 (Ex. 3). Shortly thereafter,
8 Ms. Besola filed a motion for revision of the Superior Court's order admitting the will, which
9 was denied "without prejudice to a will contest." See Dkt. #46 at 8-9 (Ex. 2). On October 25,
10 2019, Ms. Besola filed a "Petition to Contest Will of Mark L. Besola," see Dkt. #54-1 (Ex. 1),
11 which to this Court's knowledge remains pending before the Superior Court.

## DISCUSSION

On September 27, 2019, Ms. Besola moved the Court to stay these federal interpleader proceedings "until the issue as to the identity of the personal representative of the Estate of Mark Besola is resolved in the pending will contest in [the] Superior Court." Dkt. #35 at 2. Mr. Gunwall asserts that a stay of proceedings is inappropriate because the "Superior Court has already decided who the proper parties are in [the probate action] and unless Ms. Besola prevails on her alleged [w]ill [c]ontest, that will not change." Dkt. #41 at 2. Instead, Mr. Gunwall urges this Court to grant his motion to substitute Mr. Pula for Ms. Besola and to continue all deadlines in these proceedings until Mr. Pula can familiarize himself with Mark Besola's estate and determine the appropriate course of action in the interpleader proceedings. Dkt. #39 at 1.

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The Court has authority to stay proceedings "pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979). The resolution of Ms. Besola's pending will contest in the Superior Court will certainly bear upon this Court's proceedings. Although Ms. Besola concedes that she is no longer the

ORDER STAYING PROCEEDINGS - 2

administrator of Mark Besola's estate, she asserts that "[t]he result of the will contest in [the] Superior Court will determine if [she] remains as one of the parties in this matter." Dkt. #35 at 3. Mr. Gunwall appears to concede that Ms. Besola could remain a proper party to this interpleader action if she prevails in her will contest. Dkt. #41 at 2. There is no indication that the Superior Court will contest proceedings will be protracted, and while Mr. Gunwall has indicated his preferred outcome at this stage, he has not shown that he will suffer any damage as a result of a stay. Having considered the relevant circumstances, the Court finds it appropriate to stay these interpleader proceedings pending the outcome of the will contest in the Superior Court.

**CONCLUSION**

For all the foregoing reasons, Ms. Besola's "Motion to Stay Proceedings" (Dkt. #35) is GRANTED. It is hereby ORDERED that this action is stayed until further order of this Court. The parties shall, within fifteen (15) days of the Superior Court's resolution of the pending will contest, submit a joint report in this case notifying the Court of the outcome of the proceedings. At that time, Mr. Gunwall may file a notice re-noting his pending "Motion for Substitution of Parties and Continuance" (Dkt. #39), or he may re-file the motion if he wishes to do so in light of the outcome of the will contest.

DATED this 16th day of December, 2019.

*[signature]*

Robert S. Lasnik
United States District Judge